**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
(Eastern Division)

| | |
|---|---|
| In re:<br>Daniel P. McGrath,<br>        Debtor. | Chapter 13<br>Case No. 10-11522-JNF |

**MOTION FOR ORDER COMPELLING**
**EXAMINATION OF DEBTOR PURSUANT TO FED. R. BANKR. P. 2004**

To the Honorable Joan N. Feeney, United States Bankruptcy Judge:

Lorraine McGrath, a domestic support creditor and party in interest ("Creditor") hereby moves pursuant to Fed. R. Bankr. P. 2004 for the entry of an order compelling the attendance of, and the production of documents by Daniel P. McGrath (the "Debtor") for examination by counsel to Creditor.[1]

In support of this motion, Creditor respectfully states as follows:

*Background and Procedural History*

1.      On March 16, 2004, Creditor filed a Complaint for Divorce against the Debtor in the Massachusetts Probate and Family Court (the "Divorce").

2.      On February 17, 2010, the Debtor filed a Chapter 13 petition (the "Bankruptcy").

3.      Creditor is a domestic support creditor of the Debtor pursuant to various orders, judgments, and executions issued by the Massachusetts Probate and Family Court (the "Family Court").

4.      As of the Petition Date, the Debtor had failed to comply with his domestic support obligations to Creditor.

---

[1] Creditor expressly reserves the right to seek to examine any other persons or entitles, whether pursuant to Fed. R. Bankr. P. 2004 or otherwise, if and as Creditor deems such examinations warranted and appropriate.

5. During the course of the Family Court proceedings, the Debtor signed various documents under the pains and penalties of perjury, and published the same to Creditor and the Family Court, including, among other documents, *Financial Statements* dated August 10, 2009, and January 14, 2010 (the "Financial Statements").

6. In the Financial Statements, the Debtor, a Certified Public Accountant and Real Estate Developer, disclosed and/or claimed interests in the following:

    a. Real property, including: (1) the Debtor's residence at 33 Stone Meadow Lane, Hanover, Massachusetts, (2) the Creditor's residence at 75 Canonchet Trail, Marshfield, Massachusetts, and (3) 25 Mathewson Drive, Weymouth, Massachusetts;

    b. Numerous businesses and/or joint ventures, including: (1) Zond, Incorporated, (2) RRL Realty Trust, (3) McGrath & Associates,[2] (4) C.D. Realty, Incorporated, (5) Zampine Farm Realty Trust Partnership, (6) LIA Realty Trust, and (7) JDJ Realty Trust;[3] and

    c. Personal property including: (1) Bank, Retirement and Investment accounts with values between $2,000-$4,000, (2) 2007 GMC Sierra Truck valued at between $20,000-$30,000, (3) 2005 Mercedes SL Roadster, valued between $32,000-$35,000, home furnishings, valued between $10,000-$30,000, and jewelry, valued between $2,000-$5,000.

7. On February 17, 2010, the Debtor executed, under the pains and penalties of perjury, and filed his schedules and *Statement of Financial Affairs* (the "Schedules and

---

[2] Valued at $360,000.00.
[3] On information and belief, the Debtor has interests in over forty (40) commercial entities and five (5) nominee realty trusts.

Statements"), in which he failed to disclose any real or personal property, or pending legal proceedings, such as the Divorce.[4]

### *Jurisdiction and Venue*

8. This Court has jurisdiction to hear and determine this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicate for the relief requested herein is Fed. R. Bankr. P. 2004.

9. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### *Relief Requested*

10. Creditor seeks the entry of an order compelling the production of documents by and the attendance for examination of the Debtor by Secured Party.

### *Basis for Relief*

11. Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that any party in interest may examine any entity upon order of the Court. Fed. R. Bankr. P. 2004(a). Such an examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). "[T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for the purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." Id. The scope of such an examination may be quite broad, as it is not limited by the restrictions of Fed. R. Civ. P. 26, and may thus be used for, among other purposes, "discovering assets and unearthing frauds." *In re Duratech Industries, Inc.*, 241 B.R. 283, 289 (E.D.N.Y.

---

[4] The Debtor also failed to disclose any income or expenses.

1999) (*quoting In re GHR Energy Corp.*, 33 B.R. 451, 454 (Bankr. D. Mass. 1983)); *accord In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985).

12. Based on the numerous inconsistencies between the Financial Statement, the Family Court's factual findings, and the Schedules and Statements, Creditor contends the Debtor has failed to fully and completely disclose his assets and liabilities. Accordingly, Creditor respectfully submits that the entry of an order permitting the examination of the Debtor by Creditor is warranted and appropriate under the circumstances.

*Notice*

13. Creditor has served a copy of this motion upon: (i) the Debtor and his counsel; (ii) the Trustee and her counsel; and (iii) the Office of the United States Trustee. Creditor submits that such service is good and sufficient under the circumstances, and that no other notice is required.

**WHEREFORE**, Creditor respectfully requests that this Court enter an order: (i) granting this motion in all respects, and compelling the attendance of, and the production of documents by the Debtor; and (iii) granting to Secured Party such other and further relief as the Court deems proper and just.

Respectfully submitted,
LORRAINE MCGRATH,
by her attorney,

/s/ Mark C. Rossi
Mark C. Rossi (BBO: 662376)
**ROSSI LAW OFFICES**
100 Franklin Street, Fourth Floor
Boston, Massachusetts 02110
617-956-0956 (telephone)
877-266-0957 (facsimile)
mark.rossi@rossilawoffice.com

Dated: February 19, 2010

4

**CERTIFICATE OF SERVICE**

      I, Mark C. Rossi, hereby certify that on February 19, 2010, I served a copy of the foregoing upon the following persons, who do not otherwise receive electronic notice of filing, via first class mail, postage prepaid and electronic mail:

Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA  02109

Carolyn Bankowski-13
Chapter 13 Trustee Boston
P. O. Box 8250
Boston, MA  02114

N. Lee Darst , Esq.
Law Office of Lee Darst
160 Old Derby Street, Suite 225
Hingham, MA 02043
*(Debtor's counsel)*

                                            /s/ Mark C. Rossi